UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVIN COLLINS,

    Plaintiff,

v.

Case No. 25-cv-12885
Honorable Linda V. Parker

A. HOBBS,

    Defendant.
_____/

**OPINION & ORDER GRANTING PLAINTIFF'S
APPLICATION TO PROCEED IN FORMA PAUPERIS &
SUMMARILY DISMISSMING HIS CIVIL RIGHTS COMPLAINT**

**I.    INTRODUCTION**

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan parolee Alvin Collins ("Plaintiff") challenges a prison disciplinary proceeding that occurred while he was confined at the Charles Egeler Reception and Guidance Center ("RGC") in Jackson, Michigan in May, 2025. (ECF No. 1.)

When Plaintiff instituted this action, he did not pay the required filing and administrative fees, nor did he submit an application to proceed in forma pauperis. Consequently, the Court issued a deficiency order. (ECF No. 4.) Plaintiff has since submitted an application to proceed in forma pauperis. (ECF No. 7.) The Court finds that Plaintiff lacks the funds to pay the required fees for this case and

grants his application to proceed in forma pauperis.

## II. FACTS

In his Complaint, Plaintiff states that he was found guilty of a Class III misconduct following a hearing that was held a few days later than authorized by Michigan Department of Corrections ("MDOC") policy and that resulted in a 15-day loss of privileges and a 5-day placement in toplock. He alleges a violation of his due process rights under the Fourteenth Amendment and a violation of MDOC policy. He names RGC Prison Counselor/Hearing Officer A. Hobbs as the sole defendant in this case and sues him in his individual and official capacities for monetary damages. (ECF No. 1.)

## III. DISCUSSION

District courts are required by statute to sua sponte dismiss an in forma pauperis complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *See Haines v.*

*Kerner*, 404 U.S. 519, 520-521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-157 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

3

### A. Federal Due Process Claim

Plaintiff first asserts a violation of his Fourteenth Amendment due process rights based upon the alleged untimeliness of the Class III misconduct hearing while he was confined at RGC. The Fourteenth Amendment protects an individual from deprivation of life, liberty or property without due process of law. *Bazetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a federal procedural due process violation, a plaintiff must show that one of those interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Thus, to state a procedural due process claim, a plaintiff must allege that he or she has a definite life, liberty, or property interest which has been abridged without appropriate process. *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007).

Plaintiff fails the first requirement of this test. While the Fourteenth Amendment protects an individual from deprivation of life, liberty, or property without due process, the "mere fact of discipline or the imposition of sanctions in

4

prison does not automatically trigger due process protections." *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). The United States Supreme Court has held that a prisoner is entitled to the protections of due process in disciplinary proceedings only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486-487 (1995). The Court has further ruled that a prisoner has no liberty interest in remaining free from disciplinary or administrative segregation as such segregation does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484 (30 days in administrative segregation did not constitute an atypical and significant hardship).

With regard to segregation, courts generally consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship" on a prisoner. *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008). The United States Court of Appeals for the Sixth Circuit has held that placement in administrative segregation for months, or even years under certain circumstances, does not implicate a liberty interest warranting due process. *See, e.g., Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (61 days in segregation is not atypical and significant); *Jones v. Baker*, 155 F.3d 810, 812-813

(6th Cir. 1998) (2½ years in segregation during riot investigation did not deprive prisoner of liberty interest without due process). The Sixth Circuit has only found segregation lasting several years to be atypical and significant so as to implicate a liberty interest and requiring due process protections. *See, e.g., Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicated a liberty interest); *Harris v. Caruso*, 465 F. App'x 481, 484 (6th Cir. 2012) (8 years of segregation implicated a liberty interest).

In this case, the sanction imposed on Plaintiff was a loss of privileges for 15 days and placement in toplock for 5 days. Such a loss of privileges and brief placement in toplock does not constitute an "atypical and significant hardship" which implicates a liberty interest and triggers due process procedures normally associated with more serious forms of prison discipline such as the loss of good time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 571 n. 19 (1974) ("We do not suggest, however, that the procedures required by today's decision for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges."); *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004) (14-day loss of privileges did not implicate due process); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (9-month loss of package privileges did not impose an atypical and significant hardship); *Carter v. Tucker*, 69 F. App'x

6

678, 680 (6th Cir. 2003) (loss of privileges and placement in segregation does not implicate a liberty interest sufficient to invoke the Due Process Clause); *see also Alexander v. Vittitow*, No. 17-1075, 2017 WL 7050641, *3 (6th Cir. Nov. 9, 2017) (30-day loss of privileges "did not implicate a protected liberty interest"); *Langford v. Koskela*, No. 16-1435, 2017 WL 6803554, *3 (6th Cir. Jan. 24, 2017) (ruling that 30 days of toplock and loss of privileges does not amount to an atypical and significant hardship); *Brown-Pegues v. Washington, et al.*, No. 1:24-CV-847, 2024 WL 4343449, *5 (W.D. Mich. Sept. 30, 2024) (dismissing due process claim challenging misconduct proceedings that resulted in a 10-day loss of privileges); *Taylor v. Heisler*, No. 05-CV-60281-AA, 2006 WL 47435, *2 (E.D. Mich. Jan. 9, 2006) (citing *Wolff* and denying relief on similar claim).

Because Plaintiff's sanction from the disputed Class III misconduct hearing was a 15-day loss of privileges and a 5-day placement in toplock, he does not allege facts implicating a liberty interest worthy of due process protections. He thus fails to state a procedural due process claim upon which relief may be granted under § 1983 in his Complaint.[1] This claim must be dismissed.

---

[1] The doctrine of substantive due process is inapplicable here. "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." *Albright v. Oliver*, 510 U.S. 266, 266 (1994) (quoting *Graham v.*

7

B.  **MDOC Policy Claim**

Plaintiff also asserts a violation of MDOC policy in his complaint. This claim also is subject to summary dismissal. Section 1983 provides a remedy for violations of federal law, not state law or state policy. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney v. Farley*, 501 F.3d 577, 580-581 (6th Cir. 2007). Alleged violations of state law or state policy do not rise to the level of a violation or deprivation of a federal constitutional right cognizable under § 1983. *See Grinter v. Knight*, 532 F.3d 567, 574 (6th Cir. 2008) (ruling that "failing to follow proper procedures is insufficient to establish an infringement of a liberty interest" and citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)); *Laney*, 501 F.3d at 581 n. 2; *McVeigh v. Bartlett*, No. 94-2347, 1995 WL 236687, *1 (6th Cir. April 21, 1995) (failure to follow MDOC Policy Directive does not rise to the level of a constitutional violation because the Directive does not create a liberty interest protected by the Due Process Clause); *Smith v. Freland*, 954 F.2d 343, 347-348 (6th Cir. 1992); *Coleman v. Martin*, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005) ("the failure of a prison, or the state, to follow its own policies and procedures does

---

*Connor*, 490 U.S. 386, 395 (1989)). When a particular Amendment exists, the substantive due process claim must be dismissed. *Id.*; *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013). The Fourteenth Amendment right to procedural due process governs Plaintiff's disciplinary proceeding.

not amount to a constitutional violation."). Thus, to the extent that Plaintiff alleges a violation of MDOC policy, he fails to state a claim upon which relief may be granted under § 1983.

### C. Hearing Officer Immunity

Plaintiff sues Defendant Hobbs in his individual/personal capacity for monetary damages. In his role as a hearing officer, however, Hobbs is entitled to absolute immunity from liability on a § 1983 claim for damages. In *Shelly v. Johnson*, 849 F.2d 228 (6th Cir. 1988), the Sixth Circuit recognized that Michigan law defines a hearing officer's role, for all practical purposes, as that of an administrative law judge. *See* Mich. Comp. Laws § 791.251 *et seq*. As such, a hearing officer is entitled to absolute immunity for judicial acts. *See Butz v. Economou*, 438 U.S. 478, 508-14 (1978). Because Hobbs acted in his judicial capacity as to the events giving rise to the Complaint, he is entitled to absolute immunity on Plaintiff's claim for damages. Plaintiff's claim for monetary damages against Hobbs in his individual capacity must be dismissed.

### D. Sovereign Immunity

Plaintiff also sues Defendant Hobbs, an MDOC employee, in his official capacity for monetary damages. The Eleventh Amendment, however, bars civil rights actions against a State and its agencies and departments unless the State has

9

waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). "The State of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983, *Chaz Constr., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005).

Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against a state and its agencies," *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief, *McCormick*, 693 F.3d at 662 (citing *McKey v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000)). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Because Hobbs is an MDOC employee sued in his official capacity, he is entitled to Eleventh Amendment immunity. *See Johnson*, 357 F.3d at 545. Plaintiff's claim for monetary damages against Hobbs in his official capacity must be dismissed.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under § 1983 and that Defendant Hobbs is entitled to absolute and sovereign immunity.

Accordingly,

**IT IS ORDERED** that Plaintiff's application to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2). The Court also concludes that an appeal from this decision would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). This case is closed.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 30, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 30, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager
